UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FARRAGO, DOUGLAS M. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06-CV-958 (CEJ) |
| | ) | |
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the plaintiff's motion to strike defendant's affirmative defenses. Defendant has responded, and the issues are fully briefed.

The complaint in this action alleges that defendant's product marketed under the name Knee Reliever infringes United States Patent No. 5,073,986 (the '986 patent), of which plaintiff is the inventor. In its original answer, defendant asserted affirmative defenses to which plaintiff objected. After plaintiff filed the instant motion to strike, defendant filed an amended answer. The amended answer omits the affirmative defense relating to plaintiff's alleged inequitable conduct, which had been asserted in the original answer. The plaintiff acknowledges that his motion to strike this affirmative defense is now moot. Plaintiff also has abandoned his motion to dismiss defendant's counterclaim.

By way of affirmative defense and counterclaim, defendant asserts that the '986 patent fails to satisfy conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and 112, and thus is invalid and unenforceable. Plaintiff moves to strike the

affirmative defense as redundant. Defendant responds that counterclaims and defenses serve different purposes. Affirmative defenses provide a means for the defendant to avoid liability, but the counterclaim provides for affirmative relief for the defendant. More important, defendant emphasizes, a counterclaim survives an attempted voluntary dismissal by plaintiff, while an affirmative defense does not. Defendant thus claims it should be permitted to maintain the same argument in both forms.

Motions to strike are generally disfavored, but when they remove "unnecessary clutter" from a case, as when the pleading is redundant or the statements are immaterial, the court has discretion to strike parts of the pleading. Hardin v. American Electric Power, 188 F.R.D. 509, 511 (S.D. Ind. 1999), quoting Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). See also Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). Mere redundancy or immateriality, however, "is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial" to the other party. Hardin, 188 F.R.D. at 511 (citations omitted). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy or complex that it places an undue burden on the responding party." Id. (citation omitted).

Plaintiff has not demonstrated what, if any, prejudice would result from allowing defendant to present its argument regarding conditions of patentability as both an affirmative defense and a counterclaim. The defense and the counterclaim would require proof

of the same facts. Plaintiff alleges that the dual defense and counterclaim could infect the jury instructions, but plaintiff does not elaborate further.  The Court finds that allowing the defendant to present its argument regarding the conditions for patentability as an affirmative defense and a counterclaim would not present an undue burden for plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's affirmative defenses [# 15] is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss defendant's counterclaim [# 15] is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2007.