UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOUGLAS M. FARRAGO,          )
                            )
            Plaintiff,       )
                            )
      vs.                    )          No. 4:06-CV-958 (CEJ)
                            )
                            )
RAWLINGS SPORTING GOODS      )
COMPANY, INC.,               )
                            )
            Defendant.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant
Rawlings Sporting Goods Company, Inc., for attorney's fees and
costs incurred in defending against plaintiff's patent infringement
claim.  Plaintiff has responded to defendant's motion, and requests
a hearing.

I.    **Background**

On June 21, 2006, plaintiff Douglas M. Farrago filed a claim
against defendant Rawlings Sporting Goods Company, Inc. for
infringement of plaintiff's U.S. Patent No. 5,073,986 (the '986
patent), covering a pad structure that reduces stress due to
squatting.  Plaintiff alleged that defendant's product, the Knee
Reliever (RKR), infringed the '986 patent.  Plaintiff and defendant
both filed cross-motions for summary judgment on the issue of
infringement.  Plaintiff also filed a motion for summary judgment
on the issue of invalidity of the '986 patent.

On March 31, 2008, the Court entered judgment in favor of
defendant and against plaintiff on plaintiff's patent infringement
claim.  Additionally, the Court entered judgment in favor of

plaintiff and against defendant on defendant's patent invalidity counterclaim. Defendant now brings this motion for attorney's fees and costs pursuant to 35 U.S.C. § 285,[1] alleging that plaintiff pursued a frivolous claim and engaged in litigation misconduct.

## II. Discussion

Title 35 U.S.C. § 285 authorizes "[t]he court in exceptional cases [to] award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Awarding of attorney fees pursuant to this provision 'is an issue unique to patent law and therefore subject to Federal Circuit law.'" Ekstam v. Ekstam, No. 4:04CV00187 AGF, 2007 WL 4565024, at *1 (E.D. Mo. Dec. 20, 2007), citing Special Devices, Inv. v OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). The district court must employ a two-step process to determine whether to award attorney fees pursuant to 35 U.S.C. § 285. See Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998). First, the court must determine if the case is

---

[1] In the memorandum in support of his motion for attorney's fees and costs, defendant states:

> Although it is . . . not necessary for this Court to find plaintiff violated Fed.R.Civ.P. 11 to find that this case is exceptional under Section 285, the conduct of plaintiff's counsel in this litigation certainly suggests that plaintiff's counsel failed to conduct an adequate pre-filing investigation and continued to pursue this litigation when it was clear that it could not succeed. Even though Rawlings has not filed a Motion for Sanctions against plaintiff's counsel, this Court has the inherent and statutory authority to find a violation of Rule 11 *sua sponte*.

(Doc. #153, at 3).

exceptional.  Id.  Under Federal Circuit case law, exceptional cases are generally:

> [T]hose involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent.  The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the [Patent and Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.  Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional.

Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001).

Second, if the court determines that the moving party has presented clear and convincing evidence that the case is exceptional, the court, in its discretion, determines whether attorney's fees are appropriate.  Id.

A.    Plaintiff's Infringement Claim

Defendant argues that this case is "exceptional" because plaintiff pursued a frivolous patent infringement suit against defendant.  "Courts have recognized that, in certain instances, a 'frivolous' case can be exceptional for the purposes of 25 U.S.C. § 285 (1988).  A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless."  Haynes Int'l Inc. v. Jessop Steel Co., 8 F.3d 1573, 1579 (Fed. Cir. 1993), reh'g granted on other grounds, 15 F.3d 1076 (Fed. Cir. 1994).

In support of its motion for attorney's fees, defendant contends that plaintiff's patent infringement claim was frivolous

because plaintiff knew or should have known that the RKR did not infringe the '986 patent. Defendant claims that, unlike the '986 patent, "[t]he RKR is not generally polyhedron because it has a curved surface on the top, and it does not have a substantially quadrilaterally shaped side faces because it has three sides rather than four." (Doc. #153, at 12). Defendant further argues that, at least five years before he filed his patent infringement claim, plaintiff became aware of products that resembled the RKR's three-sided design. (Doc. #153, at 12; #153-2). According to defendant, plaintiff's 2001 email to his licensee AliMed indicates that "plaintiff . . . recogniz[ed] that his patented design was different from the three-sided knee pads . . . ." (Doc. #153, at 12; #153-2).[2]

In response, plaintiff argues that he pursued the patent infringement claim in good faith. Plaintiff indicates "the most compelling evidence in [his] favor is the simple fact that Schutt [Sports] voluntarily entered into a license agreement with plaintiff [because] Schutt [made] a rounded-off device that resembles the Rawlings Knee Reliever." (Doc. #161, at 12). Plaintiff also claims that, "including terms such as 'generally'

_____

[2]  Plaintiff's September 10, 2001 email stated:

I have already seen the All-Star Knee S'port on the Angeles catcher [Bengie Molina]. I know that the three-sided isn't as good as a 4-sided but to be honest, wouldn't a custom fitted Knee Saver be better than all of them?

(Doc. #153-3).

4

and 'substantially' in the '986 patent, provide[d] an objectively reasonable basis for asserting that such other devices could infringe." Id. at 13. Although the Court determined that there was a "clear, substantial difference" between the RKR and the '986 patent, plaintiff argues that the Court's conclusion is not determinative of his bad faith because "[i]nfringement is often difficult to determine, and [plaintiff]'s ultimately incorrect view of how the court will find does not of itself establish bad faith." (Doc. #149, at 11; #161, at 14) (citing Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1384 (Fed. Cir. 1989)). Plaintiff next points out that he conducted a reasonable pre-filing investigation to evaluate the validity of his infringement claim. (Doc. #161, at 15). Although the Court disagreed with plaintiff's conclusions that the RKR infringed the '986 patent, plaintiff argues "that does not render them objectively baseless nor obviate the reasonableness of" plaintiff's pre-filing investigation. Id. Plaintiff also argues that his good faith is evidenced by the fact that he also hired Dr. McAdams, an expert in the field of product design, to evaluate his infringement claim. (Doc. #161, at 7, 15).

Applying the principles stated above, the Court finds that plaintiff's infringement claim was not baseless under the clear and convincing standard. The Court will not speculate on the motives behind the Schutt Sports license agreement, nor interpret the meaning of plaintiff's 2001 email as plaintiff's admission that he knew the RKR was a three-sided design. However, the Court believes that the use of the terms "generally" and "substantially" provide

some leeway as to the scope of the '986 patent, despite plaintiff's lack of an "explanation as to how he could have ignored the requirement that the cross-section [must] have four periphery surfaces." (Doc. #165, at 5). Moreover, plaintiff's pre-filing investigation indicates his good-faith effort. After reviewing the prosecution history of the '986 patent, obtaining a sample of the RKR, and comparing the RKR to the claims of the '986 patent, patent attorney Paul A. Lesko informed plaintiff that the RKR infringed the '986 patent. (Doc. #161-3, at 2-3). Mr. Lesko "also concluded that only true triangular devices were clearly and completely excluded." Id. at 3. Plaintiff also hired an expert who concluded that the RKR infringed the '986 patent. (Doc. #161, at 7). Based on the foregoing, the Court finds that defendant has failed to present clear and convincing evidence that plaintiff's infringement claim was frivolous.

### B.    Litigation Misconduct

Defendant also contends that this case is "exceptional" because plaintiff engaged in misconduct throughout the litigation. Defendant alleges that plaintiff: (1) vexatiously multiplied the proceedings by misrepresenting the shape of the RKR in his motion for summary judgment, response to defendant's motion for summary judgment, and expert testimony; (2) filed a motion for summary judgment after the Court rejected plaintiff's attempt to broaden the scope of the '986 patent; and (3) produced altered documents without notifying defendant.

In response, plaintiff cites <u>Aptix Corp. v. Quickturn Design</u> <u>Sys., Inc.</u>, 269 F.3d 1369 (Fed. Cir. 2001). (Doc. #161, at 22). In <u>Aptix</u>, the plaintiff "submitted falsified engineering notebooks to the court." <u>Id.</u> at 1371. Forensic evidence exposed the fraud. <u>Id.</u> However, the plaintiff manufactured a story that someone stole the notebooks from his car. <u>Id.</u> at 1373. The district court concluded that one of the notebooks "was a 'complete fraud from bark to core . . . without a single genuine entry.'" <u>Id.</u> Therefore, the district court determined that the plaintiff "had attempted 'to defraud the Court and to strengthen its patent through a premeditated and sustained campaign of lies and forgery.'" <u>Id.</u> The Federal Circuit concluded that "[t]he record clearly and convincingly support[ed] the district court's conclusion of <u>extreme litigation misconduct</u>." <u>Id.</u> at 1374 (emphasis added). In affirming the district court's judgment, the Federal Circuit held that, "[w]ithout question, fraud and misconduct [made the] case exceptional under 35 U.S.C. § 285 and warrant[ed] a full compensation of [defendant]'s reasonable attorney fees and costs." <u>Id.</u> at 1375.

Upon consideration, the Court agrees with plaintiff that "there has been absolutely no evidence of egregious misconduct, inequitable conduct, or fraud during this litigation-factors that weigh heavily against granting [d]efendant's motion." (Doc. #161, at 22) (citing <u>Minuteman Int'l. v. Nilfisk-Advance A/S and Nilfisk,</u> <u>Advance, Inc.</u>, No. 03-C-223, 2005 WL 3447793, *3 (N.D. Ill. Dec. 13, 2005)). Although the Court does not condone plaintiff's

submission of inaccurate representations of the RKR, such conduct does not rise to the level of the egregious conduct displayed in Aptix. Unlike the plaintiff in Aptix, who submitted falsified evidence, plaintiff submitted redacted, not falsified, documents. Moreover, plaintiff provided a privilege log to explain the redaction. Finally, filing a motion for summary judgment after the Court refused to broaden the scope of the '986 patent, standing alone, does not amount to egregious misconduct or fraud. Therefore, the Court believes that defendant has failed to demonstrate that plaintiff engaged in extreme litigation misconduct. The Court finds that defendant has not demonstrated, by clear and convincing evidence, that this case is "exceptional." Therefore, defendant is not entitled to attorney's fees and costs under 35 U.S.C. § 285.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for attorney's fees and costs [Doc. #152] is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion for an oral hearing [Doc. #167] is **denied as moot**.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2009.